```
                   UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

RONALD FOLEY,                   :
        Petitioner              :
                                :
        v.                      :    Case No. 2:11-CV-136
                                :
RICARDO MARTINEZ,               :
        Respondent              :
```

## ORDER

Petitioner Ronald Foley pled guilty to two counts of Bank Robbery in violation of 18 U.S.C. § 2113(a), and two counts of Escape in violation of 18 U.S.C. § 751(a).  On January 10, 2003, the United States District Court for the District of Vermont sentenced Petitioner to a 262 month prison term, as well as a $200.00 assessment and $53,506.01 in restitution, which were "due immediately" as a lump sum.  Pet'r's Resp. in Opp'n to Mot. to Dismiss, ECF No. 21, Ex. A (J. in a Criminal Case), at 5. The sentencing order provides:

> Payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

*Id.*  The Court further directed that "payment of any outstanding restitution obligation incurred shall become a condition of

supervised release with the payments to be no more than $25 per month." *Id.*

Petitioner is currently serving his sentence in the Allenwood United States Penitentiary in White Deer, Pennsylvania. On September 23, 2010, Petitioner filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania. This petition challenges the Vermont District Court's alleged delegation of authority to the Bureau of Prisons ("BOP") to set Petitioner's restitution payment schedule through its Inmate Financial Responsibility Program ("IFRP"). Pet. for Writ of Habeas Corpus, ECF No. 1.

On May 23, 2011, the petition was transferred to the District of Vermont pursuant to 28 U.S.C. § 1404 on the rationale that this forum is the most convenient forum because it has access to the evidence that led to the sentencing. Order Transferring Case, ECF No. 14.

The instant matter concerns the Respondent's Motion to Dismiss. The Respondent argues that this Court does not have jurisdiction to entertain Petitioner's § 2241 petition for a writ of habeas corpus, and therefore that the petition must be dismissed and transferred back to the Middle District of Pennsylvania. In the alternative, the government argues that the motion must be dismissed for failure to state a cognizable claim under § 2241.

<u>Discussion</u>

I.   *The Characterization of the Petition*

This Court must determine whether the petition should be characterized as a § 2241 or §2255 petition.  *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) ("It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to.").  Sections 2255 and 2241 offer relief for different claims:

> Section 2255 provides for relief: (i) where the sentence was imposed in violation of the Constitution or laws of the United States; (ii) where the court was without jurisdiction to impose the petitioner's sentence; (iii) where the sentence was in excess of the maximum authorized by law; and (iv) where the sentence is otherwise subject to collateral attack. A petitioner seeking to challenge the legality of the *imposition* of a sentence by a court may therefore make a claim pursuant to Section 2255. A challenge to the *execution* of a sentence, however, is properly filed pursuant to Section 2241.

*Chambers*, 106 F.3d at 474-75 (internal citations and quotations omitted).

District courts may only grant habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court interprets the language of § 2241 as requiring "'that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004) (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495

(1973)).  In general, jurisdiction over a respondent in a § 2241 petition "lies in only one district: the district of confinement." *Id.* at 443.  Where a § 2241 petition is filed outside the district of confinement, courts will transfer the petition to the district of confinement.  *See, e.g., Shehadeh v. United States*, 5:05-CV-1309 (FJS), 2008 WL 630473 (N.D.N.Y. Mar. 5, 2008) (transferring a § 2241 petition filed with the sentencing court to the district of confinement).  On the other hand, § 2255 petitions are properly filed in the sentencing court.  *See* 28 U.S.C. § 2255(a) (stating that a prisoner making a claim under §2255 "may move the court which imposed the sentence to vacate, set aside or correct the sentence").

The traditional rules of venue apply to habeas proceedings.  *Braden*, 410 U.S. at 493-94.  As a result, a district court is empowered to transfer a habeas proceeding so long as the requirements of 28 U.S.C. § 1404(a) are met.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").  The Supreme Court clarified that the language "where an action might have been brought," *Id.*, refers to districts where the plaintiff has a right to sue "independent[] of the wishes of the defendant."  *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quotations omitted).

The Circuit Courts differ on how to characterize a petition challenging a District Court's alleged delegation of authority to the Bureau of Prisons to set a convicted prisoner's restitution payment schedule.  The Tenth and Eighth circuits entertain such challenges as § 2255 petitions.  *See, e.g., Wallette v. Wilner*, 321 F. App'x 735, 737 (10th Cir. 2009)(unpublished disposition) (construing a challenge to the sentencing court's delegation to the BOP as a § 2255 attack on the sentence), *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) ("Because Robinson's second claim-that the sentence imposed was an unconstitutional delegation of power-attacks the validity of the sentence, we agree with the district court that this claim must be brought through a § 2255 claim in Robinson's sentencing district.").  On the other hand, the Seventh Circuit addressed an impermissible delegation claim by a federal prisoner which was filed as a § 2241 claim.[1]  *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999).

In the Second Circuit, impermissible delegation claims have been heard as § 2241 petitions which challenge the execution of a sentence.  In *Argentina v. United States*, a prisoner brought a

---

[1] The Seventh Circuit opinion avoided any characterization of the prisoner's claim.  However, the parties' briefings show that the petition was filed as a § 2241 claim.  *See* Brief for Respondent-Appellee at 3, McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999) (No. 98-2066), 1998 WL 34180158 (C.A.7) at *3.

§ 2241 petition contending "that the Sentencing Court unlawfully delegated to the BOP the Court's authority to establish a schedule for [the prisoner's] restitution payments during the course of his incarceration."  09 CIV. 5544 KMW, 2011 WL 3477139, *4 (S.D.N.Y. Aug. 8, 2011).  The petitioner was confined in the Middle District of Pennsylvania and filed the petition with the United States District Court for the Middle District of Pennsylvania.  *Id.* at *3.  The petition was then transferred to the Southern District of New York.  *Id.*  Although the *Argentina* court denied the petition on the merits, the court evidently took no issue with entertaining the challenge as a § 2241 petition.  *Id.* at 3-5.

Likewise, in *Spring v. Schult*, a *pro se* prisoner filed a § 2241 petition claiming that "the sentencing court improperly delegated the restitution portion of [his] sentence to the BOP." 9:08-CV-0531 (LEK), 2009 WL 3232183 (N.D.N.Y. Oct. 1, 2009). The *Spring* court ultimately denied the petition because the prisoner failed to satisfy exhaustion requirements, but the court clearly entertained the challenge as a § 2241 petition. *Id.* at *1 ("The Second Circuit has engrafted an exhaustion requirement on habeas petitions brought by inmates pursuant to 28 U.S.C. § 2241.").  In *Solis v. Menifee*, a petitioner confined in the United States District Court for the District of New Jersey made an improper delegation claim by filing a § 2241

6

petition with the sentencing court in the Southern District of New York.  99 CIV. 9072 (GEL), 2000 WL 1401633, *1 (S.D.N.Y. Sept. 25, 2000).  The *Solis* court decided this improper delegation claim on the merits pursuant to the § 2241 petition. *Id.*

In *United States v. Greer*, this Court adopted Magistrate Judge Niedermeier's recommendations where no objections were filed by any party.  2:95 CR 72, 2006 WL 978708, *1 (D. Vt. Apr. 10, 2006).  In *Greer*, a prisoner filed a § 2255 petition claiming "the Court improperly delegated to the Bureau of Prisons ("BOP") the responsibility for establishing a payment schedule."  The petitioner was sentenced by the United States District Court for the District of Vermont.  *See United States v. Greer*, 285 F.3d 158, 162 (2d Cir. 2002).  Magistrate Judge Niedermeier recommended that the petition "not be deemed at § 2255 motion."  *Id.*  Magistrate Judge Niedermeier cited *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003), for the proposition that the Second Circuit only makes § 2255 available "to those prisoners who claim the right to be released from custody."[2]  Because he determined the prisoner was not claiming a

---

[2] The *Kaminski* court elaborates on the language of § 2255:

> How does the phrase "claiming the right to be released" affect the meaning of the text that follows it? If the phrase had omitted the words "the right to be released upon the ground," and had said simply "a

right to be released from custody, the Magistrate Judge found § 2255 to be the improper vehicle for the challenge. Magistrate Judge Niedermeier proceeded to discuss the merits without explaining how the petition should be characterized. *Id.* at *3 ("Regardless of the form of Greer's motion, his argument is without merit.").

However, the court in *United States v. Ejike* apparently heard an improper delegation claim made by a *pro se* prisoner pursuant to § 2255. 06 CIV. 13327 (DC), 2007 WL 1946549 (S.D.N.Y. June 27, 2007). The *Ejike* court entertained and denied the § 2255 petition on the merits. *Id*. at *7-9

---

> prisoner . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States," then § 2255 might comfortably be read to permit a federal prisoner to challenge any allegedly illegal aspect of his or her sentence. The words "claiming the right to be released" *are* in the statute, however. And, in order to give them meaning, it is argued that they must be read to exclude from federal habeas review at least those petitions that contain no claims relating to a prisoner's custody, no claims, that is, that cannot be construed as demands to be "released" from custody. On this reading, it would follow that a petitioner who challenges just the restitution portion of his sentence is asserting his right to be released from custody only if the restitution order itself amounts to a form of custody.

*Kaminski*, 339 F.3d at 86-87. The Second Circuit's literal requirement that a prisoner be "claiming the right to be released" in order to invoke § 2255 is not shared by all circuits. *See supra*, at 2.

These cases show that courts in the Second Circuit are more concerned with the substance than the form of improper delegation challenges.  Regardless of the form of the petition, courts in this circuit endeavor to reach the merits of a petitioner's improper delegation claim where the court has the best access to relevant evidence.  Courts within this circuit have addressed the merits of habeas petitions when faced with a transfer under § 1404.

In light of the above, it is unclear whether the present petition falls under § 2255 or § 2241.  If the petition is properly characterized as a §2255 petition, the petition is now correctly before the sentencing court.  If the petition is properly characterized as a § 2241 petition, Judge Nealon of the Middle District of Pennsylvania has properly transferred the petition to this Court under § 1404 because this Court has access to the evidence which led to Petitioner's sentencing. *See, e.g., Argentina*, 2011 WL 3477139, at *3 (acknowledging transfer of § 2241 petition from the court in the district of confinement to the sentencing court because the sentencing court "had knowledge of [the defendant's] resources at the time that the Court imposed the sentence").  Either way, this Court has jurisdiction to consider the merits of petitioner's claim.

II.  *The Improper Delegation Claim*

Petitioner's improper delegation claim relates to the well-settled principle that a sentencing court lacks authority under 18 U.S.C. § 3572 to delegate the scheduling of payments to the Bureau of Prisons.  *See United States v. Workman*, 110 F.3d 915, 918-19 (2d Cir. 1996).  Petitioner argues that permitting the BOP to establish a payment schedule through the IFRP constitutes impermissible delegation, and Petitioner asks for a variety of relief.  Writ of Habeas Corpus 3.

Petitioner's claim is without merit.  At sentencing, this Court explicitly specified that the restitution was "due immediately," and then directed that "payment of any outstanding restitution obligation shall become a condition of supervised release with the payments to be no more than $25 per month."  Pet'r's Resp. in Opp'n to Mot. to Dismiss 5.  Restitution that is due immediately is not an impermissible delegation.  Addressing a substantially identical improper delegation challenge, the *Ejike* court explained:

> If a court exercises the discretion provided by § 3572(d)(1) and waives the requirement that restitution be due immediately, the court may not then delegate to BOP the duty to set the payment schedule. Where a court makes payment "due immediately," however, there is no impermissible delegation and the [BOP] may establish its own procedures ... for collection of the court ordered fines and assessments.
>
> If Ejike has the means to pay the amount of restitution in its entirety, he is to do so now. If he

10

> does not have the means to pay whatever remains of the restitution now, BOP may collect the restitution in accordance with the collection procedures set forth in its regulations.

*Ejike*, 2007 WL 1946549, at \*9 (internal citations and quotations omitted); *see also Solis*, 2000 WL 1401633, at \*1 ("[C]ourts cannot delegate a judicial function—such as setting a schedule for court imposed fines—to a non judicial entity. But that principle has no application where (as here) a district court imposes a fine and elects *not* to establish a schedule of payment, but instead makes payment of the fine due immediately. In such a case, the court delegates none of its functions or powers."); *United States v. Maisonet*, 97 CR. 817 (DC), 2005 WL 3527150, \*2 (S.D.N.Y. Dec. 22, 2005) ("Where, as here, a court imposes a fine making payment due immediately, however, there is no impermissible delegation and the [BOP] may establish its own procedures . . . for collection of the court ordered fines and assessments.") (internal quotations omitted). Likewise, Petitioner's sentence directs that his restitution is due immediately, and thus there is no improper delegation to the BOP.

For the above reasons, the Respondent's Motion to Dismiss is **denied**, and Foley's petition is **denied**. The case is closed.

Dated at Burlington, in the District of Vermont, this 1st

11

day of December, 2011.

>                                       /s/ William K. Sessions III
>                                       William K. Sessions III
>                                       U.S. District Court Judge